1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

                Plaintiff,

    v.

CITY OF ORTING, *et al.*,

                Defendants.

CASE NO. 3:23-cv-5772-RJB

REPORT AND RECOMMENDATION

Noting Date: September 29, 2023

       The District Court has referred Plaintiff Tiffany Recinos' pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 11-22. On August 26, 2023, Plaintiff filed a proposed civil Complaint and an Application to Proceed *In Forma Pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

       In determining whether IFP should be granted in this case, the Court has reviewed the proposed Complaint and finds the instant matter fails to state a claim upon which relief can be granted. Therefore, the Court recommends this case be **DISMISSED without prejudice** and the Application to Proceed IFP (Dkt. 1) be **DENIED**.

REPORT AND RECOMMENDATION - 1

**Review of the Proposed Complaint.** The Court has carefully reviewed the proposed Complaint in this matter. Because Plaintiff filed this Complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). In her proposed Complaint, Plaintiff alleges that Defendants, the City of Ortig and its Public Works department, violated her rights when they did not respond to a home insurance inspection report regarding septic and natural gas leak problems at her residence. Dkt. 1-1 at 3–4.

**Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A

1   trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may

2   be made without notice where the claimant cannot possibly win relief."); *see also Mallard v.*

3   *United States Dist. Court*, 490 U.S. 296, 307–08 (1989) (noting there is little doubt a federal

4   court would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an

5   express statutory provision).

6          Here, Plaintiff's proposed Complaint is difficult to comprehend. Plaintiff claims

7   contractors for a home insurance company informed Plaintiff of septic and natural gas leak

8   problems. Dkt. 1-1 at 3–4. She also states that "reports are being altered and redacted which

9   eliminate emergency responses to these issues." *Id*. at 4. Plaintiff does not explain the wrong-

10  doing of Defendants and the legal basis for Plaintiff's claims is unclear. She provides a

11  conclusory statement alleging her constitutional rights of life, liberty, and the pursuit of

12  happiness were violated, but has not provided any allegations explaining how these Defendants

13  violated her rights. *Id*. at 3. Moreover, she alleges that all parties are located in the State of

14  Washington; thus, there is no diversity jurisdiction. In sum, "the Court cannot glean what claims

15  for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's

16  responsibility to make each claim clear and provide only a short statement of facts supporting

17  [each] claim." *Henderson v. Scott*, No. CVF 025809AWILJOP, 2005 WL 1335220, at *1 (E.D.

18  Cal. May 4, 2005). As such, Plaintiff has not stated a claim showing she is entitled to relief. *See*

19  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a pleading must be more than an "unadorned, the-

20  defendant-unlawfully-harmed-me accusation"); *see also Bell Atlantic Corp. v. Twombly,* 550

21  U.S. 544, 545 (2007) (to state a claim for relief, "[f]actual allegations must be enough to raise a

22  right to relief above the speculative level").

23

24

1    **Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a

2    *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend

3    prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). As

4    Plaintiff's proposed Complaint does not appear to have any basis in law and the claims against

5    Defendants appear to be based solely on conjecture, the Court finds any attempt by Plaintiff to

6    amend the proposed Complaint would be futile. As such, the Court finds Plaintiff should not be

7    afforded leave to amend her proposed Complaint.

8    **Decision on Application to Proceed IFP.** A district court may deny leave to proceed

9    IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous

10   or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l*

11   *Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Because Plaintiff's proposed Complaint

12   fails to state a claim, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be

13   denied.

14   **Conclusion.** For the above stated reasons, the Court recommends Plaintiff's Application

15   to Proceed IFP (Dkt. 1) be denied. The Court also recommends that any proposed filings (Dkt. 3)

16   be stricken. Finally, the Court recommends this case be **DISMISSED without prejudice**.

17   Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

18   shall have fourteen (14) days from service of this report to file written objections. *See also* Fed.

19   R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of

20   *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

21   those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

22   *v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

23

24

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on September 29, 2023, as noted in the caption.

Dated this 11th day of September, 2023.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5